FILED
IN CLERKS OFFICE
U.S. ~~~~~ COURT ED N.Y:
★ FEB 1 5 2006 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUSSELL P. MEDOY, *Administrator of the
Estate of Audrey Medoy*,

                        Plaintiff,

    -against-

WARNACO EMPLOYEES' LONG TERM
DISABILITY INSURANCE PLAN and
WARNACO, INC., *as Administrator
of the Warnaco Employees' Long Term
Disability Plan*,

                        Defendants.
-----------------------------------------------------------X
WARNACO EMPLOYEES' LONG TERM
DISABILITY INSURANCE PLAN and
WARNACO, INC., *as Administrator
of the Warnaco Employees' Long Term
Disability Plan*,

                        Third-Party Plaintiffs,

    -against-

CIGNA CORPORATION and INSURANCE
COMPANY OF NORTH AMERICA,

                        Third-Party Defendants.
-----------------------------------------------------------X

97 CV 6612 (SJ)

**MEMORANDUM
AND ORDER**

APPEARANCES:

EDGAR PAUK, ESQ.
144 East 44th Street
Suite 600
New York, NY 10017
Attorney for Plaintiff

P-049

SEYFARTH SHAW LLP
1270 Avenue of the Americas
Suite 2500
New York, NY 10020-1801
By: Peter Walker, Esq.
Attorney for Defendants/Third-Party Plaintiffs

RUSSO, KEANE & TONER, LLP
26 Broadway
28th Floor
New York, NY 10004
By: Kevin G. Horbatiuk, Esq.
Attorney for Third-Party Defendants

JOHNSON, Senior District Judge:

Russell P. Medoy ("Plaintiff"), Administrator of the Estate of Audrey Medoy ("Medoy"), brought this action against the Warnaco Employees' Long Term Disability Insurance Plan (the "Plan") and Warnaco, Inc. ("Warnaco"), as administrator of the Plan (collectively, the "Defendants"), alleging (1) that termination of Medoy's long-term disability benefits constituted a breach of the terms of the Plan that is enforceable under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"); (2) that Warnaco, as administrator of the Plan, violated ERISA's document disclosure requirements, as provided in section 104(b)(4) of ERISA; and (3) that Warnaco, as administrator of the Plan, violated ERISA's document retention requirements, as provided in

section 107 of ERISA.[1] See 29 U.S.C. §§ 1132(a)(1)(B), 1024(b)(4), 1027.

In a Memorandum & Order dated December, 24, 2005 (the "December 24, 2005 Opinion"), this Court granted Defendants' motion for summary judgment as to the section 104(b)(4) and section 107 claims and denied Defendants' motion for summary judgment as to the section 502 claim. On January 5, 2006, Plaintiff timely moved this Court, in accordance with Rule 6.3 of Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 6.3") and Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), to reconsider its decision as to the section 107 claim. The Plaintiff based its motion for reconsideration on the ground that Plaintiff's requested form of relief, an injunction, made the Court's application of the three-year statute of limitations provided in New York's Civil Practice Law and Rules ("CPLR") 214(2) inapposite.[2] Plaintiff therefore argues that the section 107 claim is not time-barred.

## BACKGROUND

---

[1] This action was initially brought on November 12, 1997, by Medoy, who passed away on December 19, 2000; therefore, Plaintiff now brings this action as the administrator of Medoy's estate.

[2] Plaintiff also moved this Court to amend the caption provided in the Court's December 24, 2005 Opinion to include the action between the Third-Party Defendants and the Third-Party Plaintiffs. This request is hereby GRANTED.

3

The underlying facts giving rise to Plaintiff's complaint and the procedural posture were fully set forth in this Court's December 24, 2005 Opinion, familiarity with which is presumed. See Docket Entry #88.

## DISCUSSION

**I.     Standard of Review for Motions for Reconsideration**

The standards governing Rule 59(e) and Local Rule 6.3 are the same. Kunica v. St. Jean Fin., Inc., 63 F. Supp. 2d 342, 345 (S.D.N.Y. 1999). Local Rule 6.3 provides, in pertinent part, that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Motions for reconsideration are committed to the sound discretion of the district court. Fulton Cogeneration Assocs. v. Niagara Mohawk Power Corp., No. 92 CV 1412, 1995 U.S. Dist. LEXIS 6414, *1, *2 (N.D.N.Y. May 10, 1995) (citation omitted). In general, the three grounds justifying reconsideration are: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. Id. (citation omitted). The standard for granting a motion for reconsideration is strict in order

4

P-049

to dissuade repetitive arguments on issues that have already been considered fully by the Court. Id. (citation omitted).

In support of his motion for reconsideration, Plaintiff does not cite to any change in controlling law or submit any new evidence to the Court. Instead, Plaintiff argues that, in deciding this matter of first impression, the Court erred in granting the Defendants' motion for summary judgment as to the third cause of action.

## II. Applicable Statute of Limitations for ERISA Section 107 Claims

Plaintiff contends that the Court erred in dismissing the third cause of action for Warnaco's failure to retain Medoy's claims determination file for at least six years, as required by section 107 of ERISA. See 29 U.S.C. § 1027. Plaintiff first argues that the Court improperly applied New York's three-year statute of limitations for actions "to recover upon a liability...created or imposed by statute," CPLR 214(2), on the grounds that this limitations period should apply only to requests for monetary damages and that New York's six-year statute of limitations, CPLR 213(1),[3] should apply to requests for equitable relief. (Pl.'s Mem. Law Supp. Mot. Recons. at 2-3.) Second, Plaintiff argues that Warnaco's section 107

---

[3] CPLR 213(1) provides that an action for which no limitation is specifically prescribed by law must be commenced within six years. N.Y. C.P.L.R. 213(1).

5

violation is of a "continuous and ongoing nature" and thus an injunction to prohibit such ongoing conduct is always timely. (Id. at 3-4.) Third, Plaintiff contends that an injured participant, such as Medoy, can obtain injunctive relief against prospective violations of Section 107 without regard to any statute of limitations. (Id. at 4.) The Court finds each of these arguments to be without merit.

### A. The Court Properly Applied the Three-Year Limitations Period Provided in CPLR 214(2).

Plaintiff's argument that New York's CPLR 214(2) is inapplicable to an action for equitable relief was expressly rejected by the New York Court of Appeals in Hartnett v. New York City Transit Auth., 657 N.E.2d 773 (N.Y. 1995). In Hartnett, the New York State Commissioner of Labor brought an action against a public employer that had allegedly discriminated against some of its employees in violation of New York's Public Employee Safety and Health Act (the "PESH Act"), N.Y. Labor Law § 27- a(10). Id. at 775. The Commissioner sued four years after the discrimination took place for a declaration that the defendant had violated the PESH Act, back-pay for the employees, expurgation of their personnel files, an order requiring future compliance with the PESH Act, and the giving of notice to all employees of the PESH Act and the results of the instant litigation. Id.

After applying the three-year limitations period of CPLR 214(2), the

6

Appellate Division reversed the lower court's decision and held that the Commissioner's action was time-barred because "the [New York] Legislature enacted the PESH Act to create a newly cognizable cause of action to protect employees who complained about unsafe working conditions." Id. To make this determination, the Appellate Division relied upon the policy-based rule articulated by the New York Court of Appeals in Solnick v. Whalen, 401 N.E.2d 190, 193 (N.Y. 1980):

> In order to determine therefore whether there is in fact a limitation prescribed by law for a particular declaratory judgment action it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought--factors...previously identified as pertinent to selection of the applicable Statute of Limitations.

Hartnett, 612 N.Y.S.2d 613, 615 (N.Y. App. Div. 1994). The Hartnett court further noted that:

> If that examination reveals that the rights of the parties sought to be stabilized in the action for declaratory relief are, or have been, open to resolution through a form of proceeding for which a specific limitation period is statutorily provided, then that period limits the time for commencement of the declaratory judgment action. In that event there is a limitation specifically prescribed by law and the catch-all provision of CPLR 213(1) is not applicable.

Id. at 615-616 (citing Solnick, 401 N.E.2d at 193).

The Appellate Division concluded that the logic of Solnick embraced claims for equitable as well as declaratory relief. Id. at 616. After citing numerous

7

state and federal cases that had applied CPLR 214(2) to statutory claims for declaratory and equitable relief, the court held that the new statutory remedies of the PESH Act were likewise subject to the three-year statute of limitations. Id.

The Commissioner appealed this decision to the New York Court of Appeals. On appeal, the Commissioner argued that CPLR 214(2) was inapplicable because the "liability" to which that section refers is limited to claims at law for damages, not the equitable remedies made available by the PESH Act. Hartnett, 657 N.E.2d at 776. In upholding the Appellate Division's decision, the New York Court of Appeals first rejected the Commissioner's restrictive interpretation of the term "liability." Id. The court opined that "liability," as used in CPLR 214(2), has an appreciably broader meaning than pecuniary obligations, and can include "almost every character of hazard or responsibility." Id. The court also noted that other circuit courts "have rejected the proposition that liability means money damages only." Id. (citations omitted).

The Hartnett Commissioner also argued, similar to Plaintiff in the instant case, that the six-year catch-all period of CPLR 213(1) should govern because the suit sought equitable and declaratory relief, as to which CPLR 213(1) traditionally has applied. The New York Court of Appeals, again upholding the Appellate Division's decision, observed that CPLR 213(1) "is not necessarily or automatically applicable simply because [a statute] does not specify a limitations

8

P-049

period." Hartnett, 657 N.E.2d at 776. Rather, the court stated that "it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought." Id. This language confirms the veracity of the methodology used by this Court, and sanctioned by the United States Court of Appeals for the Second Circuit in Miles v. New York State Teamsters Conference Pension Plan, 698 F.2d 593, 598 (2d Cir. 1983), to determine the applicable statute of limitations for Plaintiff's third cause of action. See December 24, 2005 Order at 28 ("Because ERISA does not provide a statute of limitations for enforcement actions under section 502 or for...section 107, this Court must adopt the most closely analogous New York statute of limitations.").

Section 107 requires entities subject to ERISA's reporting requirements to maintain "records on the matters of which disclosure is required which will provide in sufficient detail the necessary basic information and date" that may be used to verify required reports. 29 U.S.C. § 1027. As the Court has previously noted, it is well-settled that to determine the applicability of CPLR 214(2), the pertinent inquiry is whether a statute creates a liability for "wrongs not recognized in the common or decisional law" and which would not exist but for the statute.[4]

---

[4]This Court's review of the application of CPLR 213(1) to requests for equitable relief and other causes of action for which no specific limitations period exists confirms that it is reserved for instances where the underlying cause of action was found in either decisional or common law. See Mills v. Everest Reinsurance Co., No. 05 CV 8928, 2006 U.S. Dist. LEXIS 2613, *1, *24 (S.D.N.Y. Jan. 23, 2006) (applying CPLR 213(1)'s six year statute of limitations to a rescission request based on claims of

9

P-049

Hartnett, 657 N.E.2d at 776. In this case, it is undisputed that the rights created for ERISA plan participants and beneficiaries, and the duties imposed on ERISA-governed entities, by section 107 exist only by ERISA's terms and not by any common or decisional law. Therefore, the Court maintains its holding that the three-year statute of limitations provided in CPLR 214(2) applies to Plaintiff's third cause of action and, therefore, the action is time-barred.[5]

### B. Plaintiff's Claim Does Not Qualify as a "Continuous Wrong" To Which the Common Law Accrual Method Should Apply.

Although creative, Plaintiff's argument that Warnaco's (via CIGNA's) practice of destroying claim documents prior to expiration of ERISA's six-year retention minimum is a continuous wrong to which the "common law method of accrual" applies is unavailing, as it is simply unsupported by jurisprudence. Plaintiff seems to rely on Jensen v. General Elec. Co., 623 N.E.2d 547 (N.Y.

---

mutual mistake and fraud in contract formation); Golden Pac. Bancorp v. F.D.I.C., 273 F.3d 509, 518 (2d Cir. 2001) (applying CPLR 213(1) to claims of unjust enrichment); Mopex, Inc. v. AMEX, LLC, No. 02 CV 1656, 2002 U.S. Dist. LEXIS 3532, *1, *36 (S.D.N.Y. 2002) (applying CPLR 213(1) to claims of constructive fraud and negligent misrepresentation).

[5]As fully explained in the Court's December 24, 2005 Opinion, the latest date on which Medoy's cause of action could have accrued was December 17, 1993, when she received a letter from CIGNA stating that her file had been destroyed. (Verified Compl. ¶ 46.) Given the three-year statute of limitations, Medoy needed to bring her section 107 claim prior to December 17, 1996 in order to be timely. This action was bought on November 12, 1997 and, therefore, the Court finds that it is barred by the statute of limitations. (December 24, 2005 Opinion at 30.)

10

1993), as support for this position, reliance upon which this Court finds to be misplaced. In Jensen, the New York Court of Appeals considered whether New York's remedial toxic tort statute of limitations, CPLR 214-c(2), applied in actions involving recurring wrongs, such as trespass and nuisance, rather than just to actions involving non-recurring wrongs. See id. at 549-550 (emphasis added).

First, the actions contemplated by the Jensen court, and by the New York state legislature, were those involving "*personal injury, property damage and wrongful death.*" Jensen, 623 N.E. 2d at 550 (emphasis added). It is clear that Plaintiff's causes of action involve no allegations of this type, and Plaintiff has not produced any precedent that would demonstrate otherwise. Thus, the Court finds that construing a section 107 violation as a "continuous wrong" would contravene the language and underlying policy of New York state law.

Second, even assuming, arguendo, that the Court determined that Plaintiff's section 107 cause of action is a continuous wrong, the Court is not required to apply New York's common law method of accrual to this cause of action. Relying on the Jensen court's note that the common-law accrual method applies in actions involving continuous wrongs and requests for injunctive relief, Plaintiff invites the Court to apply the same accrual rule here. Id. at 553. The Court declines this invitation.

Prior to the promulgation of New York's toxic tort remedial statute, New

11

P-049

York law provided that the statute of limitations for personal injury actions based on exposure to harmful substances began to run as of the date of exposure, regardless of the date on which the injury was discovered. Id. at 550. A narrow common law exception, known as the "common law accrual rule," evolved to ameliorate the harshness of this accrual rule with respect to some particular continuous wrongs. Id. (citations omitted). Specifically, the invasion would be seen as a series of invasions, each one giving rise to a new claim or cause of action such that when damages occurred after suit or judgment, new claims could be brought up until such time as the new harms became permanent. Id. Thus, continuous wrongs would "create separate causes of action barred only by the running of the statute against the successive trespasses." Jensen, 623 N.E. 2d at 550.

Notwithstanding New York's accrual rules for actions involving continuous wrongs, "federal rules of accrual apply even when [federal courts] borrow an analogous state statute of limitations." Corcoran v. NY Power Auth., 202 F.3d 530, 542 (2d Cir. 1999). Thus, contrary to Plaintiff's assertion, this Court is not bound by New York's accrual rules.

### C. Requests for Injunctive Relief Do Not Exempt Claims from Applicable Limitations Periods.

P-049

Finally, Plaintiff argues that, because an ERISA-plan participant need not show individualized harm in order to obtain injunctive relief for violations of ERISA's disclosure and reporting requirements, see Central States v. Merck-Medco, 433 F.3d 181 (2d Cir. 2005), limitations periods should not apply to such relief. However, Plaintiff does not cite a single case that supports this proposition. The Court recognizes that a request for equitable relief may determine, in some instances, the applicable statute of limitations for a cause of action. See, e.g., Lasala v. Needham & Co., 399 F. Supp. 2d 421, 423 (S.D.N.Y. 2005) ("The [New York] statute of limitations for breach of fiduciary duty depends on whether the plaintiff seeks equitable relief (six years) or monetary relief (three years)."). However, in the absence of language to the contrary, a request for equitable relief will not wholly exempt a claim from an applicable limitations period. Therefore, this Court declines to adopt Plaintiff's line of reasoning, which is unsupported by policy or precedent.

Plaintiff rightly notes that a federal court should not borrow a state's statute of limitations blindly. (Pl. Reply Mem. Law Mot. Recons. at 2.) Rather, a federal court must ensure that the limitations period for the most analogous state claim does not discriminate against the federal claim. Okure v. Owens, 816 F.2d 45, 48 (2d Cir. 1987) (noting that the three-year limitations period provided by CPLR 214(5) is long enough to effectuate the policies embedded in section 1983 and

13

P-049

therefore does not discriminate against complex claims brought under section 1983). In the instant case, ERISA's text confirms that one of its policies is "to protect...the interests of participants in employee benefit plans...by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto." 29 U.S.C. § 1001(b). This Court finds that providing participants and beneficiaries with a three-year time horizon within which to bring claims against ERISA-regulated entities that fail to retain documents pursuant to section 107 of ERISA in no way impinges on federal policy.

## CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is hereby DENIED.


SO ORDERED.

Dated: Brooklyn, New York
February 14, 2006

Senior U.S.D.J.

14