UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RUSSELL P. MEDOY, as *Administrator of the
Estate of Audrey Medoy*,

                 Plaintiff,

- against -

WARNACO EMPLOYEES' LONG TERM
DISABILITY INSURANCE PLAN and
WARNACO, INC., *as Administrator of the
Warnaco Employees' Long Term Disability Plan*,

                 Defendants/Third-Party Plaintiffs,

- against -

CIGNA CORPORATION and INSURANCE
COMPANY OF NORTH AMERICA,

                 Third-Party Defendants.
-----------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM AND ORDER
97-CV-6612 (RRM)(JMA)

MAUSKOPF, United States District Judge.

Before the Court are Plaintiff's objections to a report and recommendation issued by Magistrate Judge Joan M. Azrack (the "R&R") and Defendants' memorandum in support of the R&R. For the reasons discussed below, Plaintiff's objections to the R&R are overruled, the R&R is adopted, and Plaintiff is awarded $286,339.70 in attorneys' fees and costs. It is further ordered that Third-Party Plaintiffs' motion to dismiss the third-party action is granted and the third-party Complaint is dismissed with prejudice.

## I. Relevant Procedural Background

The facts underlying this action, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), have been detailed in several prior decisions. Therefore, familiarity with factual history of this case is presumed and only the procedural background relevant to the instant motion is discussed herein.

On September 30, 2008, this Court granted summary judgment for Plaintiff on her claim for wrongful termination of long term disability benefits. Thereafter, Plaintiff moved for an award of attorneys' fees and costs. On March 30, 2009, the motion was referred to the assigned magistrate judge, the Honorable Joan M. Azrack, for a report and recommendation. On September 22, 2009, Judge Azrack recommended that the hourly rate requested by Plaintiff's counsel be reduced from $600 to $450, that the overall hours Plaintiff's counsel expended litigating this action not be reduced, and that Plaintiff be awarded a total of $286,339.70 in attorneys' fees and costs. After the briefing related to Plaintiff's motion was submitted, the Second Circuit decided *Simmons v. New York City Transit Auth.*, 575 F.3d 170 (2d Cir. 2009). However, both parties addressed the impact of the *Simmons* decision in their respective submissions in objection to, and in support of, the R&R. Specifically, Plaintiff's objections address only the portion of the R&R which recommends that counsel's requested hourly rate be reduced. Defendants do not object to any portion of the R&R and contend that the $450 hourly rate recommended by Judge Azrack is appropriate in this case. A lengthy discussion concerning Plaintiff's objections took place before this Court at a telephone conference held on November 18, 2009.

## II. Applicable Law

*A. Standard of Review*

If any party timely serves and files written objections to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. 636(b)(1)(C). The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed, see *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and instead reviews those portions for

2

clear error, see *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). Therefore, the Court reviews *de novo* the portion of the R&R recommending that Plaintiff's counsel's hourly rate be reduced, and reviews the remaining portions for clear error.

### B. Standards Applicable to Fee Awards in ERISA Actions

ERISA allows for a discretionary award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 1132(g)(1). The burden is on the party moving for attorneys' fees to show evidence of the hours spent and to justify the hourly rate sought. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). When assessing the reasonableness of legal fees, courts must determine the "presumptively reasonable fee" for an attorney's services by looking to what a reasonable client would be willing to pay, bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008). In order to calculate the presumptively reasonable fee, courts must first determine a reasonable hourly rate for the legal services rendered. *Id.* When determining a reasonable hourly rate, courts consider whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant legal community is the district in which the action is commenced. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 97 (2d Cir. 2004). Only "exceptional circumstances" justify deviating from the rule that the relevant community is the district in which the action lies. *Id.*

In *Simmons*, the Second Circuit held that "in order to receive an attorney's fee award based on higher out-of-district rates, a litigant must overcome a presumption in favor of the forum rule, by persuasively establishing that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." 575 F.3d at 176. Specifically, "[t]he party seeking the award must make a particularized showing, not

3

only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* This particularized showing may be made "by establishing that local counsel possessing requisite experience were unwilling or unable to take the case, or by establishing, in a case requiring special expertise, that no in-district counsel possessed such expertise." *Id.* "This is a very difficult standard to meet." *Morgenstern v. County of Nassau*, No. 04-CV-0058, 2009 WL 5103158, at *8 (E.D.N.Y. Dec. 15, 2009). If a party seeking an award of fees fails to meet this burden, courts must adhere to the rule established by *Arbor Hill* and "should award fees *just high enough* to attract competent counsel." 575 F.3d at 176 (emphasis in original).

### III. Discussion

*A. The Forum Rule Applies*

In her objections, Plaintiff claims principally that, at the time she sought legal representation, "there was no ERISA counsel in Brooklyn . . . therefore, her hourly rate should not be limited to Brooklyn rates." (Pl.'s Mem. in Supp. of Pl.'s Objections to [the R&R] (Docket No. 139) at 4.) In support, Plaintiff's counsel details internet research which he contends establishes that ERISA counsel was unavailable in Brooklyn. (*Id.* at 5.) In addition, Plaintiff has submitted the Declaration of Gary Stone, an attorney previously employed by Legal Services for the Elderly Poor ("LSEP"), a non-profit organization, who states that Plaintiff's counsel continued representing Plaintiff, who had originally sought assistance from LSEP, after he left LSEP to establish a private law practice. (Supp. Aff. in Supp. of Pl.'s Objections to [the R&R] (Docket No. 140) ("Supp. Aff."), Ex. A at ¶¶ 2-4.) Mr. Stone opines that Plaintiff could not have found another attorney in Brooklyn or in Manhattan to represent her in this case. (*Id.* ¶ 6.) Next, Plaintiff has submitted a letter from Allen Jay Charne, who serves as the Executive Director of the Legal Referral Service sponsored by the New York City Bar Association and the New York County Lawyers' Association. (Supp. Aff., Ex. B.) Mr. Stone states that all four of the attorneys

4

currently approved by the Legal Referral Service to represent individuals in ERISA cases are based in Manhattan. (*Id.*) In response, Defendants cite a handful of law firms based in the Eastern District that each litigate ERISA matters. (*See* Defs.' Mem. at 6-7.) However, Plaintiff contends that these firms did not practice ERISA law in 1993, the year that Plaintiff sought legal representation. (*See* Pl.'s Reply Mem. in Supp. of Pl.'s Objections to [the R&R] (Docket No. 143) ("Pl.'s Reply") at 5.)

Plaintiff's presentation falls short of the "particularized showing" necessary to rebut the forum rule and demonstrate the "extraordinary circumstances" contemplated by *Arbor Hill*. Plaintiff has not shown that her selection of counsel in this case "was predicated on experience-based, objective factors." *Simmons*, 575 F.3d at 176. To the contrary, it is clear that Plaintiff, described by counsel as "a poor and disabled person," (Pl.'s Reply at 4), had little choice concerning her representation options when she sought legal assistance from LSEP in 1993. Indeed, there is no evidence that Plaintiff's decision to have a LSEP attorney represent her, and then have the same attorney continue representing her when he left LSEP for private practice, was motivated by the "likelihood that use of [Eastern District] counsel would produce a substantially inferior result." *Simmons*, 575 F.3d at 176.

Next, although Plaintiff argues that few attorneys possessing expertise in ERISA actions were located in the Eastern District in 1993, she ignores the reality that seasoned civil litigators are often capable of representing different parties in a variety of capacities engaging multiple areas of law. Instead, Plaintiff's counsel concludes that "it is fair to surmise that no local attorney in any county in the EDNY (or, for that matter, in the SDNY) would have taken [Plaintiff's] case." (Pl.'s Reply at 4.) Therefore, although this Court recognizes that Plaintiff's counsel possesses specialized experience, the Court concludes that many civil litigators located within the Eastern District are (and were when Plaintiff brought this action) equally capable of handling complex cases involving federal claims, including ERISA matters. *See Aiello v. Town of Brookhaven*, No.

94-CV-2622, 2005 WL 1397202, at *6 (E.D.N.Y. June 13, 2005) ("[B]ecause most legal skills are transferrable from one area of practice to another, courts [. . .] look to an attorney's overall experience rather than the attorney's experience in a particular area of practice." (citing *A.R. ex rel. R.V. v. N.Y.C. Dep't of Educ.*, 407 F.3d 65, 82 (2d Cir. 2005)). For these reasons, the presumptively reasonable fee must therefore be calculated based on the prevailing rates in the Eastern District.

*B. Reasonable Hourly Rates in the Eastern District of New York*

In addition to her contention that the *Simmons* presumption has been rebutted in this case, Plaintiff argues in the alternative that Judge Azrack underestimated the hourly rates prevailing in this District. This argument is without merit. Although Plaintiff takes issue with two cases cited in the R&R because they were decided in 2002 and 2003, the awards in those cases are consistent with recent awards in this District. *See, e.g., Morgenstern v. County of Nassau*, No. 04-CV-58, 2009 WL 5103158, at *16-18 (E.D.N.Y. Dec. 15, 2009) (awarding $450 in a civil rights case); *Gutman v. Klein*, No. 03-CV-1570, 2009 WL 3296072, at *2 (E.D.N.Y. Oct. 13, 2009) (hourly rates ranging between $300 and $400 for partners "within the Eastern District range"); *see also Melnick v. Press*, No. 06-CV-6686, 2009 WL 2824586, at *9 (E.D.N.Y. Aug. 28, 2009) (collecting Eastern District cases and finding that "the range of appropriate billing rates is $200 - $375 per hour for partners . . . .); *Trs. of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp.*, No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (same); *Expeditors Int'l of Wash., Inc. v. Rubie's Costume Co., Inc.*, No. 03-CV-3333, 2007 WL 430096, at *2 (E.D.N.Y. Feb. 2, 2007) (awarding rate of $370 for attorney with 25 years of litigation experience); *Brady v. Wal-Mart Stores, Inc.*, 455 F. Supp. 2d 157, 208 (E.D.N.Y. 2006) (awarding hourly rate of $350 for partners in discrimination case). Notably, Plaintiff has not presented any Eastern District authority awarding an hourly rate of $600 in an action factually or legally similar to this one. In sum, the $450 hourly rate that the R&R recommends that Plaintiff's counsel be

awarded is compatible with—indeed, it is at the very high end of—the recent fee awards outlined above.[1]

C. *Overall Hours Expended and Costs*

In the R&R, Judge Azrack recommended that Plaintiff's counsel be compensated for a total of 604.5 hours expended on this case, as well as costs in the amount of $5,889.99. As noted earlier, Defendants have not objected to these aspects of the R&R. Therefore, pursuant to Federal Rule of Civil Procedure 72, the Court has reviewed them for clear error and, finding none, adopts these portions of the R&R. 28 U.S.C. § 636(b); *see also Covey*, 481 F. Supp. at 226.

D. *The Third-Party Action is Dismissed*

By letter dated January 20, 2010, Defendants/Third-Party Plaintiffs Warnaco Employees' Long Term Disability Insurance Plan, and Warnaco, Inc., moved for dismissal of the Complaint against Third-Party Defendants Cigna Corporation and Insurance Company of North America. (*See* Docket No. 145.) No party has opposed this application. The motion is granted and the third-party action is dismissed with prejudice.

## IV. Conclusion

For the forgoing reasons, Plaintiff's objections to the R&R are OVERRULED, the R&R is ADOPTED, and Plaintiff is hereby awarded a total of $286,339.70 in attorneys' fees and costs. It is further ORDERED that the third-party Complaint is DISMISSED with prejudice. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
April 28, 2010

_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Although not dispositive, the Court notes that, in light of the Judgment obtained by Plaintiff in this case, the amount of attorneys' fees requested by Plaintiff's counsel—as well as the amount that the R&R recommends be awarded—far exceeds the fees to which counsel would be entitled to in a typical contingency fee arrangement.

7